# Reid *v.* the State.

*Indictment for Carrying on Business without License.*

1. *Engaging in business of dealer of pistol cartridges without license; when conviction not authorized.*—On a trial under an indictment which charges the defendant with engaging in or carrying on the business of a dealer in pistol cartridges w thout a license, when there is no evidence introduced showing when the sales of pistol cartridges, testified to by the witnesses for the State, were made, it is error for the court to give at the request of the State, the general affirmative charge in favor of the State.

APPEAL from the County Court of Macon.

Tried before the Hon. M. B. ABERCROMBIE.

The appellant in this case, Butler Reid, was indicted, tried and convicted for engaging in the business of a dea-

ler in pistol cartridges at a place not in any city, without
having a license, and contrary to law.

On the trial of the case there were several witnesses
who testified that at a certain place they bought pistol
cartridges from the defendant; but there is no evidence
as to when or at what place the defendant sold said
cartridges to said witnesses.  Upon the introduction of
all the evidence, the court instructed the jury at the re-
quest of the solicitor that if they believed the evidence in
the case, beyond a reasonable doubt, they should find the
defendant guilty.  To the giving of this charge, the de-
fendant duly excepted.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State, cited
*Abel v. The State,* 90 Ala. 631; *Kellar v. The State,* 123
Ala. 94, 98; *Bowden v. The State,* 131 Ala. 39.

ANDERSON, J.—The defendant was tried and con-
victed for dealing in pistol cartridges without license.

An examination of the record fails to establish when
the sale or sales took place, and the trial judge erred in
giving the general charge for the State.

The judgment is reversed and the cause remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J. J., con-
curring.